445 So.2d 684 (1984)
Jack KNIGHT and Evelyn Knight, Appellants,
v.
PINE ISLAND FRUIT CORPORATION, John H. Rauch, Lillian Rauch, William Iles, Jean Iles and Christopher Sapp, Appellees.
No. 83-815.
District Court of Appeal of Florida, Second District.
February 22, 1984.
Charles Evans Davis of Fishback, Davis, Dominick, Bennett, Foster, Owens & Watts, Orlando, for appellants.
George L. Harrell II, of George L. Harrell, P.A., Fort Myers, for appellees Pine *685 Island Fruit Corp., John and Lillian Rauch, and William and Jean Iles.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee Sapp.
LEHAN, Judge.
Plaintiff stockholders appeal the final judgment which did not give them their requested relief of voiding a contract entered into by the corporation for the sale of real property. We affirm.
The appellee corporation is composed of six stockholders, two of whom are the appellants and four of whom are appellees. The other appellee, Christopher Sapp, is the purchaser under the disputed contract for sale of real property. The corporation was formed in 1960 for the purpose of acquiring approximately ninety acres of land on Pine Island in Lee County.
This cause of action arose out of a disagreement which began in 1980 when appellee stockholders Rausch and Iles decided that the real property should be sold. The contract with appellee Sapp resulted. Appellants disagreed with the decision to sell to Sapp and instituted this lawsuit. Appellants' main contentions were that the sales price did not adequately represent the fair market value of the property and that certain statutory requirements concerning the sale of substantially all of a corporation's assets had not been properly complied with.
The trial court agreed with appellants that the provisions of section 607.241, Florida Statutes (1981), regarding procedures for the sale of all the assets of a corporation had not been complied with. However, the court found that the majority stockholders had corrected any deficiencies in procedure by the subsequent use of procedures under section 607.394, which concerns actions taken by shareholders without a shareholders' meeting. The court declined to set aside the sale to Sapp on the grounds of corporate procedural deficiencies. We agree with the trial court's findings on this issue and with the trial court's decision declining to set aside the sale. We disagree with appellants' contention that compliance with section 607.394 does not avoid the necessity for a board of directors' resolution and written notice to shareholders required by section 607.241.
Appellants contend that the contract price for the sale to Sapp was lower than the fair market value of the land. Although there was conflicting testimony concerning the fair market value, we cannot say that the trial court erred in determining that the consideration called for in the contract was not totally inadequate in relation to fair market value.
Purchaser Sapp executed a promissory note for the contract price. The note states that it will become due and payable sixty days after the corporation gives Sapp written notice that he has right of possession and marketable title to the property. The facts that the promissory note has no definite due date and does not bear interest do not ipso facto mean under the facts of this case that the note does not constitute consideration for the sale. We cannot say in this case that the trial court had no basis to find that the sale was in effect a cash deal.
Section 607.247 provides that a shareholder who dissents from a proposed corporation action and who otherwise complies with the provisions of that section has the right to be paid the fair market value of his shares. The trial court in this case awarded appellants one third of the contract sales price plus interest and costs. Appellants contend on appeal that one third of the sales price does not adequately represent the fair market value of their shares. We cannot agree. The property which was being sold under the disputed contract constituted the sole asset of the corporation. As noted above, the trial court found that the contract sales price adequately represented the fair market value of the property. It cannot be said, therefore, that the sales price did not also represent the fair market value of the shares owned by appellants, who had a one third interest in the corporation.
*686 As to appellants' remaining contention, we find no basis on which to award attorney's fees to appellant.
It is clear from the record in this difficult case that the trial court made every effort to accomplish justice and equity for the parties. Whether or not his final judgment was the perfect solution for all parties is not the point. We find that the trial court did not err under the law.
AFFIRMED.
GRIMES, A.C.J., and SCHEB, J., concur.